Mitchell D. Schweitzer, J.
This proceeding was duly referred for trial pursuant to an order of the court dated October 27, 1965 on the following issues:
*345 1. whether the petitioner was involved in an accident with a “ hit-and-run ” car on February 8,1965;
2. if he was, was the petitioner an innocent victim of such accident;
3. if he was in fact an innocent victim, did the petitioner make a diligent effort to identify the owner and driver of the 11 hit- and-run ’ ’ car.
The gravamen of the petitioner’s testimony is that on February 8,1965, at about 1 o ’clock in the morning, he was proceeding on Wilson Avenue in Brooklyn. There was a terrific downpour at the time and as he approached Irving Avenue, his automobile stalled in a large pool of water. At about the same time, another motor vehicle behind him had also stalled. The driver of the car behind him succeeded in getting the motor of his car started and the petitioner requested him to push his motor vehicle in an effort to get his car started. He stated that the driver of the other car, who appeared to be dressed in mechanic’s clothes, gave him specific directions as to how to get the car started after it was set in motion.
The witness described how his car was initially pushed and he stated that he turned on the ignition while his car was in motion in an effort to get it started but without success. The driver of the unknown car behind him pushed him past DeKalb Avenue and continued pushing him beyond the next street, Stanhope Street, and, at this juncture, it is the petitioner’s claim that the driver of the unknown car behind him accelerated the speed of his motor vehicle and necessarily that of his own to such a rate that it was necessary for him to brake his own car in order to check its sudden acceleration. The unknown car then sped away but not before his car was pushed into an “ El ” pillar on the far side of the intersection of Myrtle Avenue and Wilson Avenue, causing injuries to be sustained by him. He also described the efforts that he made to ascertain the identity of the owner and driver of the absconding vehicle.
Both sides conceded that if the police officer, who responded to the scene of the accident and made out the police-aided card in this case, were called as a witness, he would testify that he spoke to the petitioner at the scene and that the petitioner had told him that he had requested the driver of another car, referred to herein as the unknown car, to push his stalled vehicle, and that this driver had pushed it into the “ El ” pillar, causing the accident as described by him.
On all of the credible testimony, I find that the petitioner has adduced credible proof which establishes by a fair preponderance of the evidence that the physical injuries sustained by him *346 arose out of physical contact with a “ hit-and-run ” automobile as defined by section 617 of the Insurance Law, and that the petitioner was an innocent victim of such accident and made diligent efforts to identify the owner and driver of the “ hit- and-run ” automobile.
Submit order vacating the stay of arbitration and directing the Motor Vehicle Accident Indemnification Corporation to proceed to arbitration.